UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES KAISER AND TAMMY GAUCHER )<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>PLAZA RECOVERY, INC. )<br>    Defendant. )<br>） | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED<br><br><br>DECEMBER 3, 2012 |

## COMPLAINT

1. This is a suit brought by two consumers under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* against Plaza Recovery, Inc. ("Plaza"). Plaintiffs also include pendent state law claims for Plaza's violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat § 42-110a *et seq*.

2. Plaintiff James Kaiser ("Kaiser") is a consumer residing in Baltic, Connecticut, and is the fiancé of Plaintiff Tammy Gaucher.

3. Plaintiff Tammy Gaucher ("Gaucher") is a consumer residing in Baltic, Connecticut and is the fiancé of Plaintiff James Kaiser.

4. Plaza is a Delaware corporation with its primary headquarters in Houston, Texas. Plaza is a "debt collector" as defined by the FDCPA, and is registered with the Connecticut Department of Banking as a Consumer Collection Agency.

5. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692, 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

6. This Court has jurisdiction over Plaza because it regularly conducts business in Connecticut.

7. Venue is proper because the transaction alleged herein occurred in this state.

8. Prior to March 2010, Kaiser purchased a Vehicle for personal use and accrued a personal consumer debt on an account with Toyota Motor Credit Corp.

9. In or around March 2010, the Vehicle was repossessed and was subsequently disposed of.

10. In or around September 2012, Plaintiffs began receiving calls on their cell phone, phone number 860-822-XXXX ("the Cell Phone") from Plaza regarding an alleged deficiency remaining after the disposition of Kaiser's Vehicle (the "Debt"). The Cell Phone's caller id reflected that these calls came from phone number (800) 298-1860.

11. Those calls were placed with the use of an automatic telephone dialing system and/or an artificial or prerecorded voice.

12. Kaiser, who was the primary user of the Cell Phone, never gave Toyota Motor Credit Corp. nor Plaza permission to contact the Cell Phone for any reason.

13. Gaucher, who was the subscriber to the Cell Phone service, never gave Toyota Motor Credit Corp. nor Plaza permission to call the Cell Phone for any reason.

14. On multiple occasions, Kaiser answered the Cell Phone and advised the Plaza representative with whom he spoke that the number was a cell phone number and that Plaza did not have permission to contact him on the Cell Phone.

15. Despite Kaiser's requests, Plaza continued to contact the Cell Phone using an automatic telephone dialing system and/or an artificial or prerecorded voice. Plaintiffs estimate, and accordingly allege, that they received at least 20 calls to the Cell Phone prior to the commencement of this action.

16. On one occasion, Kaiser was contacted by Plaza on the Cell Phone, and the representative with whom Kaiser spoke threatened to begin calling Kaiser's place of employment if he did not pay the Debt.

17. To this, Kaiser responded that he could not receive personal calls at work.

18. Despite this knowledge, on or around September 26, 2012, a representative of Plaza who identified himself as Dan Remely ("Remely") contacted Kaiser's place of employment and spoke with Kaiser's associate supervisor. While speaking with Kaiser's associate supervisor, Remely referenced the Debt and left a message requesting that Kaiser return his call at 800-298-1860, extension 7280.

19. Kaiser's associate supervisor forwarded the message to Kaiser, indicating displeasure that Kaiser was receiving personal calls at work. Kaiser became fearful that he would be written up or fired if Plaza continued to call.

20. After Kaiser received the message, he contacted Plaza and was forwarded to a manager who identified herself as Christina Sall ("Sall"). During the conversation, Kaiser was told that Sall could be reached at 800-467-8177, extension 7011.

21. Also during that conversation, Kaiser told Sall that Plaza had contacted his place of employment and that he was unable to receive personal calls there. Kaiser also expressed his concern that he would be written up or fired if Plaza continued to call.

22. To this, Sall responded that she would call anybody she wanted at any time.

23. Kaiser reiterated his request that he not be called at work and told Sall that he was aware the law required her to stop calling his place of employment. To this, in an attempt to prevent Kaiser from exercising his rights, Sall responded that Kaiser should "leave the law stuff to people that understand it."

24. Following this conversation, Plaza contacted Kaiser's place of employment a second time and spoke with Kaiser's supervisor. During that conversation, Plaza left a message that referenced the Debt.

25. As a result of Plaza's repeated contacts to his place of employment and its messages referencing the debt, Kaiser suffered embarrassment, humiliation and shame, and feared that he would lose his job or be formally reprimanded.

26. Plaza violated the TCPA, 47 U.S.C. § 227(b), each time it called the Cell Phone using an automatic telephone dialing system and/or an artificial or prerecorded voice.

27. Pursuant to 47 U.S.C. § 227(b)(3), Plaza is liable to Plaintiffs in the amount of $500 for each call made to the Cell Phone and, to the extent that the TCPA violations are deemed to be intentional, it is liable for up to $1,500.

28. Plaza violated the FDCPA § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Kaiser in connection with the collection of a debt, and FDCPA as described above.

29. Plaza violated FDCPA § 1692e and § 1692f by using unfair practices and/or false, deceptive, or misleading representations or means in connection with the collection of the Debt.  Specifically, in order to discourage him from asserting his rights, Plaza represented to Kaiser that he did not adequately understand the law.

30. Plaza also violated FDCPA § 1692c(a)(3) by contacting Kaiser's place of employment when  it knew or had reason to know that Kaiser's employer prohibited Kaiser from receiving such communications.

31. Plaza also violated FDCPA § 1692(c)(b) by leaving messages that referenced the Debt with Kaiser's supervisors.

32. Plaza's conduct also constitutes unfair and deceptive acts in violation of CUTPA that have caused Plaintiffs ascertainable losses, including, but not limited to, costs associated with receipt of Plaza's improper communications on electronically powered devices, as well as emotional distress, embarrassment, shame, and fear of Kaiser losing his job.

**WHEREFORE**, the Plaintiffs claim statutory damages of $500 for every call made to the Cell Phone pursuant to 47 U.S.C. § 227(b)(3) plus damages for any additional calls that may occur; actual damages and statutory damages of up to $1,000 pursuant to 15 U.S.C. § 1692k(a); attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and actual damages, attorney's fees and costs, and punitive damages pursuant to Conn. Gen. Stat. §42-110g.

       **PLAINTIFFS, JAMES KAISER AND TAMMY GAUCHER**

By: /s/Daniel S. Blinn
    Daniel S. Blinn (ct02188)
    Consumer Law Group, LLC
    35 Cold Spring Rd, Suite 512
    Rocky Hill, CT  06067-9997
    dblinn@consumerlawgroup.com
    Tel (860) 571-0408
    Fax (860) 571-7457